**Peoples Bank of Bloomington and Jane Kettering Rankin, Plaintiffs-Appellees, v. Curtis S. Rankin, et al., Defendants-Appellants, and Oland G. Johnson, Executor, Defendant-Appellant.**

**Gen. No. 67–87.**

Third District.

May 3, 1968.

James D. Heiple, of Pekin, for appellant.

E. William Rolley, of Bloomington, for appellees.

SCHEINEMAN, J.

This suit was filed for the principal purpose of obtaining a judicial construction of two wills. The testators were Ray N. Kettering and Hyla J. Kettering, husband and wife. Both are now deceased and their wills admitted to probate. The two wills contained an identical clause, the pertinent parts being as follows:

". . . I give, devise and bequeath the aforesaid property to the Peoples Bank of Bloomington, Bloomington, Illinois, trustee, in trust for the following purposes:

"A. To invest and reinvest the corpus, collect the income therefrom, and to pay over the net income therefrom to my daughter, Jane Kettering Rankin and her children or the descendants of any deceased child per stirpes, as follows:

"1. The net income shall be distributed as often as the trustee decides but at least once each year.

"2. The net income each year shall be divided equally between my daughter Jane, and her children, or the descendants of any deceased child per stirpes, share and share alike, and paid to them or used for their behalf, as the trustee in its sole discretion sees fit."

There follows a provision for the distribution of the corpus of the trust after the death of the daughter, Jane, to the children,—"and the income divided among them in equal shares per stirpes."

The testators were survived by their daughter Jane and four minor children and none other. The problem involved is whether the word "between" as used herein, requires the income be divided into two parts, one for Jane and the other for her children. Or, does the word have the meaning of "among" and require an equal division among the five survivors? The first of these alternatives would give Jane one-half of the income and each of her children one-eighth, whereas the second al-

ternative would give each survivor one-fifth of the income.

The chancellor entered a decree adopting the first alternative as the proper construction. This appeal was perfected in behalf of the executor and the four children by their guardian ad litem.

Although the primary meaning of "between" indicates a division into halves, this court cannot arbitrarily conclude this must be its meaning here, since it is known to be used sometimes in the sense of "among" as where there is a direction to divide among three or more persons. In construing wills, allowance must be made for this possibility even though it may be an incorrect usage.

In construing a will, the court will consider the entire will and all its words to ascertain the testator's intention, and the intention, so ascertained, will be carried out whenever it can be done without violating any established rule of law or public policy. The will is read in the light of existing family conditions under which the will was made. In re Estate of Reeve, 393 Ill 272, 65 NE2d 815; Dahmer v. Wensler, 350 Ill 23, 182 NE 799; Norton v. Jordan, 360 Ill 419, 196 NE 475.

The foregoing rule is not in dispute, and the citations given are among those appearing in briefs from both sides. From this point the parties differ.

Appellants argue that the exclusion of Jane from the distribution of the trust corpus shows a preference for the grandchildren over the daughter, so the indicated intention is to give the grandchildren a greater portion of the income.

With this we cannot agree. The distribution of the corpus is deferred until the death of Jane, when she ceases to be an object of the testator's bounty and concern, leaving only the grandchildren to be considered.

We deem it at least as logical to say that the testators intended to give their daughter a major portion of the income during her lifetime, when the need for it may

exist, and to discontinue this preference when the need can no longer exist.

It may be conceded that, if the number of persons in the family remains substantially unchanged during Jane's life, the distribution desired by the appellants is compatible with the wording of the wills.

It is obvious the testators did not confine themselves to providing for that precise situation. They deemed it possible that Jane might outlive some of her children. This is shown by Section 2 where they direct that during Jane's life the distribution of income shall be to Jane and her children "or the descendants of any deceased child per stirpes." The direction to distribute per stirpes occurs four times in the context.

A distribution per stirpes is the antithesis of an equal division per capita. Thus, if a child of Jane dies before she does and leaves more than one descendant, these descendants would share the income only in the amount their parent would have taken if living. These shares would thus be less than the shares of children surviving Jane. This is the accepted meaning of per stirpes.

But immediately following the directions in paragraph 2 of these wills for a distribution of income per stirpes, are the words "share and share alike," which implies a per capita division antithetic to per stirpes, so that these words are not compatible with the words "per stirpes."

To give any meaning to the words "share and share alike" they must be regarded as referring back to the direction that the income "shall be divided equally between my daughter Jane, and (her descendants)." Otherwise it would be impossible to comply with this clause under the assumed condition, since it would contain inconsistent dispositions.

■ ■ The law requires the court to give meaning to all the words of the wills, and to adopt a construction which provides a plan of distribution consistent with all provisions therein. The only construction which does this

is that the testators intended the income shall be divided "share and share alike," one-half to their daughter and one-half to her descendants. It is the half bequeathed to the descendants which shall be distributed to Jane's children or the descendants of any deceased child "per stirpes."

The decree in this case directs distribution be made in this manner, thereby giving meaning to the provisions of the wills as the law requires. Accordingly the decree is affirmed.

Decree affirmed.

ALLOY, P. J. and STOUDER, J., concur.