ROGER J. FITZGERALD *et al.*, Individually and as Representatives of a Class, Plaintiffs-Appellants, *v.* CHICAGO TITLE & TRUST COMPANY, Defendant-Appellee.

First District (1st Division)    No. 76-40

Opinion filed March 7, 1977.—Rehearing denied April 1, 1977.

Robert S. Atkins, of Freeman, Freeman & Atkins, Ltd., and Eugene I. Pavalon, of Asher, Greenfield, Goodstein, Pavalon & Segall, Ltd., both of Chicago, for appellants.

Francis J. Higgins, of Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellee.

William J. Scott, Attorney General, of Chicago (Edwin C. Thomas and Thomas J. Ciechanowski, Assistant Attorneys General, of counsel), for *amicus curiae* State of Illinois.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs are buyers and sellers of real property in Cook County, Illinois, who purchased title reports, title insurance and other services

from Chicago Title & Trust Company (CT&T) through the institutions which financed their transactions. CT&T paid an allowance of 10 percent of the fee for its services to the financial institutions. Plaintiffs filed a class action against CT&T, alleging that the payment of those allowances, none of which they received, was an unfair method of competition and an unfair or deceptive trade practice in violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 261 *et seq.*) and they suffered damages as a result of those payments. They sought an injunction against further payments of allowances, an accounting of all allowances paid and the recovery of damages. The trial court granted defendant's motion to dismiss the complaint without stating his reasons. From the order of dismissal plaintiffs appeal and raise one issue: whether defendant's payment of an allowance of 10 percent of its fee for plaintiffs' insurance and services to the institutions which ordered and purchased those services for plaintiffs is actionable under section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 262).

Section 1(f) of that Act provides (Ill. Rev. Stat. 1973, ch. 121½, par. 261(f)):

"(f) The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any *services* and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." (Emphasis added.)

Section 2 provides (Ill. Rev. Stat. 1973, ch. 121½, par. 262):

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

Section 10a(a) provides (Ill. Rev. Stat. 1973, ch. 121½, par. 270a):

"(a) Any person who suffers damage as a result of a violation of Section 2 of this Act committed by any other person may bring an

action against such person. The court, in its discretion may award actual damages or any other relief which the court deems proper."

Plaintiffs arge that (1) their complaint stated a cause of action under section 2 of the Act and (2) *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, is not a bar to their suit.

Plaintiffs allege that defendant used an unfair method of competition or unfair trade practice in violation of section 2 which provides in part:

"* * * In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

■■■ Although the legislature is without authority to state explicitly how the judiciary shall construe a statute, Federal authorities will be consulted where there is a lack of Illinois precedent. *People v. Crawford Distributing Co.* (1973), 53 Ill. 2d 332, 291 N.E.2d 648; *Blake v. H-F Group Multiple Listing Service* (1976), 36 Ill. App. 3d 730, 345 N.E.2d 18.

The Federal Trade Commission Act in section 5(a)(1) provides:

"Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful." (15 U.S.C. § 45(a)(1).)

The Sherman Act (15 U.S.C. §§1-7) and the Clayton Act (15 U.S.C. §§12-27) are read *in pari materia* with section 5(a). (*Federal Trade Com. v. Reed* (7th Cir. 1957), 243 F.2d 308, *cert. denied,* 355 U.S. 823, 2 L. Ed. 2d 37, 78 S. Ct. 29; *Menzies v. Federal Trade Com.* (4th Cir. 1957), 242 F.2d 81, *cert. denied,* 353 U.S. 957, 1 L. Ed. 2d 908, 77 S. Ct. 863.) Practices which violate neither the letter nor the spirit of the antitrust laws may violate section 5(a). (*Federal Trade Com. v. Sperry & Hutchinson Co.* (1971), 405 U.S. 233, 31 L. Ed. 2d 170, 92 S. Ct. 898.) Section 2(c) of the Clayton Act (15 U.S.C. §13(c)) provides:

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control of any party to such transaction other than the person by whom such compensation is so granted or paid."

Payments which violate section 2(c) are unfair trade practices. (*Federal Trade Com. v. Henry Broch & Co.* (1960), 363 U.S. 166, 4 L. Ed. 2d 1124, 80 S. Ct. 1158; *Grace v. E. J. Kozin Co.* (7th Cir. 1976), 538 F.2d 170;

*Great Atlantic & Pacific Tea Co. v. Federal Trade Com.* (3d Cir. 1939), 106 F.2d 667, *cert. denied*, 308 U.S. 625, 84 L. Ed. 521, 60 S. Ct. 380.) There is a violation of section 2(c) even though the person receiving the payment is only an "other intermediary." (*Rangen, Inc. v. Sterling Nelson & Sons, Inc.* (9th Cir. 1965), 351 F.2d 851, *cert. denied*, 383 U.S. 936, 15 L. Ed. 2d 853, 86 S. Ct. 1067 .) The rendering of some service to the seller by the agent does not alter the status of the seller's payment. (*Great Atlantic & Pacific Tea Co. v. Federal Trade Com.* (3d Cir. 1939), 106 F.2d 667, *cert. denied*, 308 U.S. 625, 84 L. Ed. 521, 60 S. Ct. 380.) Although the Court of Appeals for the Seventh Circuit in *Freeman v. Chicago Title & Trust Co.* (7th Cir. 1974), 505 F.2d 527, held that payments by CT&T did not violate section 2(c) of the Clayton Act for the reason that that section did not apply where the "product" was title insurance, an intangible, the court concluded:

> "* * * We, of course, express no opinion on the propriety of the rebate practices described in the complaint and, specifically, on whether such practices might be prohibited by other state or federal laws." 505 F.2d 527, 534.

■■ Section 1(f) of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 261(f)), unlike section 2(c) of the Clayton Act, explicitly makes the Illinois Act applicable to the sale of "any services and any property, tangible or intangible." Under the applicable federal interpretations, we conclude that plaintiffs' allegations that the payments by CT&T constituted an unfair method of competition and an unfair trade practice state a cause of action under section 2 of the Illinois Act.

*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, does not dictate a different result. That suit was not brought under the Consumer Fraud and Deceptive Business Practices Act as was the case at bar.

Plaintiffs stated a cause of action under section 2 of the Consumer Fraud and Deceptive Business Practices Act. The trial court improperly sustained defendant's motion to dismiss. The order of the circuit court of Cook County dismissing the complaint is reversed and the cause remanded for further proceedings.

Reversed and remanded.

GOLDBERG, P. J., and BUA, J., concur.