NORMAN HARWOOD, Plaintiff-Appellant, *v*. PISER MEMORIAL CHAPELS, Defendant-Appellee.

First District (1st Division)    No. 80-2225

Opinion filed December 7, 1981.

Donald J. Brooks and William J. Harte, Ltd., both of Chicago (William J. Harte, of counsel), for appellant.

Schulman, Silverman & Kreiter, Ltd., of Chicago (David B. Schulman, Richard B. Silverman, and David L. Eaton, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Norman Harwood appeals from an order granting defendant Piser Memorial Chapels' motion to dismiss plaintiff's complaint. The pertinent facts are as follows:

In November 1977 arrangements were made with defendant for the funeral of plaintiff's mother. At the time the arrangements were made, the goods and services ordered for the funeral were itemized on defendant's form. Plaintiff never executed this form. The form separates the "unit service" from "additional items" available. The "unit service" includes professional services, facilities and equipment, funeral coach, limousine and casket. Here the total "unit service" was $980. The form further provided:

> " *ADDITIONAL ITEMS: The following items are not part of our UNIT Service, and may include some cash advances we are making for your convenience.
> ADDITIONAL ITEMS:
> Cemetery Charges:

| | | | |
|---|---|---|---|
| Interment Fee $270 | | | |
| Grave Vault Instal- | | | |
| lation— | | | $270.00 |
| Cemetery Permit | | | |
| $25.00 Taxes $— | | | 25.00 |
| Grave Box | | | 295.00 |
| Certified Copies 5 | | | 11.00 |
| Limousines | | | |
| Flower Cars | | | |
| Tribune | Lines at $ | Per Line) | |
| Sun-Times | Lines at $ | Per Line) | $30.50 |
| News | Lines at $ | Per Line) | |
| Foundation Re- | | | |
| moval and Replace- | | | |
| ment | | | 50.00 |
| Linen Shroud | | | 50.00 |
| | TOTAL | | $731.50." |

Plaintiff's total bill was $1711.50. This bill was not paid. In June 1979, defendant instituted suit to collect the amount owed based upon an oral contract. By agreement, that suit is not being prosecuted while the instant action is pending.

During discovery in the collection suit, plaintiff sought and was provided with information as to defendant's costs for certain items sold to plaintiff for use in the funeral service. The cost information disclosed the amount of profit that defendant received on certain of those items.

Plaintiff then filed the instant action individually and on behalf of all others similarly situated, alleging that defendant had employed deceptive practices by creating the impression that all items listed on the form agreement under the heading "additional items" were cash advances upon which defendant was making no profit, notwithstanding that defendant did make a profit on certain items. Count I of the complaint sought relief under section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1977, ch. 121½, par. 262) (the Act). Count II of the complaint sought relief under a common law theory of fraud.

Defendant filed a motion to dismiss the complaint, alleging that both counts of the complaint should be dismissed because the form used by defendant was not deceptive as a matter of law. Further, defendant sought dismissal of count I on the ground that plaintiff had not alleged that he made arrangements with defendant for any funeral services or that he ever received the form. Defendant sought dismissal of count II on the ground that plaintiff failed to allege all of the necessary elements of fraud. The trial court granted defendant's motion to dismiss, finding that the form was not deceptive as a matter of law. The trial court further found

with respect to count I that it was insufficient in law and failed to state a claim upon which relief could be granted because it did not allege that plaintiff arranged for the funeral service or that plaintiff relied upon any actions of defendant. The trial court also found with respect to count II that it was insufficient in law and failed to state a claim upon which relief could be granted because it did not allege the necessary elements of fraudulent concealment.

Plaintiff appeals, contending that the trial court erred in granting defendant's motion to dismiss for the reason that the form used by defendant was deceptive as a matter of law. Furthermore, plaintiff contends that the trial court erred in granting defendant's motion to dismiss because count I properly stated a cause of action under the Act and count II properly stated a cause of action under a theory of common law fraud.

As a preliminary matter, we note that defendant's motion did not recite if it were made pursuant to section 45 or section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48). The order dismissing the complaint stated that the motion had been made pursuant to both sections 45 and 48. However, the motion did not allege the existence of affirmative matter avoiding the claim as required of a motion made pursuant to section 48. Instead, the motion attacked the complaint on the ground that as a matter of law it did not state a cause of action and on the ground that certain specified portions of the complaint were insufficient in law. These are grounds for dismissal under section 45, and we will therefore treat defendant's motion as one made under that section.

■■ On a motion to dismiss, we accept as true all well-pleaded facts. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) In addition, a complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle plaintiff to relief. *Fitzgerald*.

Plaintiff argues that the trial court erred when it granted defendant's motion to dismiss because defendant's form was deceptive as a matter of law. Plaintiff contends that the separation of the "unit service" and the "additional items" in the form agreement gives the impression that the "additional items" include solely third-party advances, for the reason that the "unit service" consists of retail sales and services only. We disagree. We find that the form was not deceptive either within the meaning of section 2 of the Act, as alleged in count I, or based upon a theory of common law fraud, as alleged in count II.

■■ Section 2 of the Consumer Fraud and Deceptive Business Practices Act provides:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of

any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act,' approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretation of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." (Ill. Rev. Stat. 1977, ch. 121½, par. 262.)

Although the legislature is without authority to state explicitly how the judiciary shall construe a statute, Federal authorities will be consulted where there is lack of Illinois precedent. *Fitzgerald v. Chicago Title & Trust Co.* (1977), 46 Ill. App. 3d 526, 361 N.E.2d 94, *aff'd* (1978), 72 Ill. 2d 179, 380 N.E.2d 790; *People v. Crawford Distributing Co.* (1973), 53 Ill. 2d 332, 291 N.E.2d 648.

The Federal Trade Commission Act in section 5(a)(1) provides (15 U.S.C. §45(a)(1) (1976)):

"Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

Under section 5(a)(1), an act or practice is deceptive or unfair if it has the capacity or tendency to deceive. (*Vacu-Matic Carburetor Co. v. Federal Trade Com.* (7th Cir. 1946), 157 F.2d 711, *cert. denied* (1947), 331 U.S. 806, 91 L. Ed. 1827, 67 S. Ct. 1188.) What is required is a showing that the acts and practices were capable of being interpreted in a misleading way. *Resort Car Rental System, Inc. v. Federal Trade Com.* (9th Cir. 1975), 518 F.2d 962.

■■ We find that the separation of the "unit service" and the "additional items" in the form in no way gives the impression that the "additional items" include solely third-party advances. The form sets forth in clear language that the items listed under "additional items" merely *may* have included *some* cash advances. Therefore, because the language used by defendant in its form does not have the capacity or tendency to deceive and the language is not capable of being interpreted in a misleading way, we find that the trial court properly dismissed count I of the complaint.

■■ Count II was also properly dismissed. "[T]he elements of a cause of action for fraudulent misrepresentation (sometimes referred to as 'fraud and deceit' or 'deceit') are: (1) false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of

the statement; and (5) damage to the other party resulting from such reliance." (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599.) Furthermore, although a statement may be technically true, it may nevertheless be fraudulent where it omits qualifying material since "a half-truth is sometimes more misleading than an outright lie." *St. Joseph Hospital v. Corbetta Construction Co.* (1974), 21 Ill. App. 3d 925, 953, 316 N.E.2d 51.

As we stated earlier, the separation of the "unit service" and the "additional items" in the form used by defendant in no way gives the impression that the "additional items" include solely third-party advances and the form clearly sets forth that the items listed under "additional items" merely *may* have included *some* cash advances. We find that these statements made in the form were neither half-truths nor misleading. The trial court properly dismissed count II of the complaint.

Because we find that the complaint was properly dismissed for the reason that the form was not deceptive as a matter of law, we need not reach the question of whether or not the complaint sufficiently alleged other facts necessary to state a cause of action under section 2 of the Act or under a theory of common law fraud.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.