In re CLDC MANAGEMENT
CORPORATION, Debtor.

ALTHOFF INDUSTRIES, INC., et
al., Plaintiffs,

v.

CENTRAL NATIONAL BANK, as
Trustee, et al., Defendants.

and

WOODSTOCK GLASS & MIRROR,
INC., et al., Plaintiffs,

v.

CENTRAL NATIONAL BANK, as
Trustee, et al., Defendai ts.

Bankruptcy No. 79 B 40657.
Adv. No. 80 A 103.

United States Bankruptcy Court,
N. D. Illinois, E. D.

Feb. 25, 1982.

Larry Johnson, Chicago, Ill., for Clarence
O. Geschke and Irene M. Geschke.

Frank O. Whetmore, II, of Winston &
Strawn, Chicago, Ill., for Union Realty
Mortg. Co. and Central Nat. Bank.

## ORDER

LAWRENCE FISHER, Bankruptcy
Judge.

This matter coming on to be heard upon
the Motion of Clarence O. Geschke and
Irene M. Geschke to amend their Cross-
claim, referred to in the pleadings as a
Countercomplaint, against Union Realty
Mortgage Company, Inc., and Central Na-
tional Bank in Adversary Proceeding No. 80
A 103,[1] and the parties appearing by their
respective attorneys, and the Court having
examined the Motion, and having received
and examined the Memoranda of Law sub-
mitted by the parties in support of their
respective positions, and having heard argu-
ments of counsel, and the Court being fully
advised in the premises;

1. This Motion was filed on June 9, 1981. On
that date, the parties appeared by their counsel
and the Motion was allowed by this Court.
Twenty-eight days were allowed to answer.
Subsequently, Union Realty Mortgage Compa-
ny, Inc. filed a Memorandum in Opposition to
the Motion and Clarence O. Geschke and Irene
M. Geschke filed a Memorandum in Response
in which they treat the Motion as if it had not
yet been ruled on. Accordingly, this Court
considers the Motion as such.

The Court Finds:

1. In their original Crossclaim, Clarence O. Geschke and Irene M. Geschke filed three Counts against Central National Bank as Trustee under Trust No. 23536. They also filed nine Counts against Union Realty Mortgage Company, Inc.

2. Clarence O. Geschke and Irene M. Geschke seek to amend their Crossclaim in two respects. First, they seek to add a tenth Count as against Union Realty Mortgage Company, Inc. This tenth Count alleges commission of "unlawful practices" by Union Realty Mortgage Company, Inc. in violation of the Illinois Consumer Fraud and Deceptive Business Practice. Act. Ill. Rev.Stat. ch. 121½, § 262 (1979). Secondly, they seek to reallege and incorporate Counts V through X of their Crossclaim against Union Realty Mortgage Company, Inc., as Counts IV through IX against Central National Bank. Such Counts would not be against Central National Bank as Trustee, but against Central National Bank, a banking association, on the theory that it controlled and directed the affairs of its sister corporation, Union Realty Mortgage Company, Inc. through the vehicle of its joint holding company, Central National Chicago Corporation.

3. Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, "a party may amend its pleading, only by leave of court or by written consent of the adverse party." It further provides that "leave shall be freely given when justice so requires."

4. The Supreme Court has held that "Rule 15 of the Federal Rules of Civil Procedure ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *U. S. v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 17, 5 L.Ed.2d 8 (1960).

The Court Concludes and Further Finds:

1. Amending the Crossclaim so as to allow Counts IV through X to be filed against Central National Bank would be prejudicial to Central National Bank. The original Counts filed against Central National Bank were in its capacity as Trustee for a Land Trust for which the Debtor, CLDC Management Corporation, was beneficiary. According to Central National Bank's Memorandum, Central National Bank tendered to CLDC Management Corporation the defense of all claims relating to the Land Trust and filed no appearance in this adversary proceeding. Counsel for Clarence O. Geschke and Irene M. Geschke neither in its Memorandum nor in oral argument has denied these assertions of fact by Central National Bank. Substantial discovery has taken place regarding this adversary proceeding and Central National Bank maintains that it has had no role in the litigation involving Clarence O. Geschke and Irene M. Geschke to date. In view of the foregoing, to allow Counts IV through IX to be filed against Central National Bank would be prejudicial to Central National Bank and would not be in the interest of justice. *See A. Cherney Disposal Co. v. Chicago and Suburban Refuse Disposal Corp.*, 68 F.R.D. 383 (N.D.Ill.1975).

Furthermore, the Court of Appeals for the Seventh Circuit has stated that "the Court may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability or where the party moving to amend has not shown that the proposed amendment has substantial merit." *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979). Clarence O. Geschke and Irene M. Geschke's proposed amendment against Central National Bank is denied for this additional reason. The proposed amendment seeks liability against Central National Bank on the mere assertion that "Central National Bank, a banking corporation, controlled and directed the affairs of Union Realty Mortgage Company, Inc. through its agents and through a holding company entitled 'Central National Corporation'." No other facts are alleged to support the above allegation.

2. Central National Bank and Union Realty Mortgage Company, Inc. oppose Clarence O. Geschke and Irene M. Geschke's

Motion to file Count X against Union Realty Mortgage Company, Inc.[2] on the grounds that the Illinois Consumer Fraud and Deceptive Business Practices Act is not available to redress purely private wrong involving unique and individual transactions.

In reviewing the case law, it appears that there is a divergence of views regarding the application of the Illinois Consumer Fraud and Deceptive Business Practices Act. First, there is disagreement as to whether the Act provides a remedy for individual private injury. *Compare Evanston Motor Co. v. Mid-Southern Toyota Distributors, Inc.*, 436 F.Supp. 1370 (N.D.Ill.1977) *with M & W Gear Co. v. A. W. Dynamoi 1eter, Inc.*, 97 Ill.App.3d 904, 53 Ill.Dec. 721, 424 N.E.2d 356 (1981) *and Rice v. Smarlin, Inc.*, 131 Ill.App.2d 434, 266 N.E.2d 183 (1970). Secondly, there is confusion as to whether private enforcement may be pursued under Section 2 of the Act, Ill.Rev.Stat. ch. 121½ § 262, or whether a party must rely on the Attorney General to bring the action. *Compare Rice with Private Remedies Under the Consumer Fraud Acts: The Judicial Approaches of Statutory Interpretation and Implication*, 67 *N.W.L.Rev.* 413 (1972).

3. Section 2 of the Consumer Fraud and Deceptive Business Practices Act provides as follows:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section considera-

tion shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

Ill.Rev.Stat. ch. 121½, § 262 (1979).

4. In *Rice v. Snarlin, Inc.*, 131 Ill.App.2d 434, 266 N.E.2d 183 (1970), the Illinois Appellate Court expressly stated that private enforcement of Section 2 of the Act is permissible. In a Northwestern Law Review article, *Private Remedies, supra* at 420–24, the *Rice* decision is discussed. The author of this article states that the Act does not expressly provide for a right of private enforcement and states that the Illinois Appellate Court in *Rice* found the existence of such a right by inquiring as to whether the Illinois General Assembly had intended to create such a right. Contrary to the conclusions of this law review author, this Court finds that the Act does expressly provide for private enforcement of Section 2 of the Act and such was also the finding of the court in *Rice*. Section 10a(a) of the Act states that *"[a]ny person* who suffers damage as a result of a violation of Sections 2 through 2N of this Act committed by any other person may bring an action against such person" (emphasis added).

5. In *Evanston Motor Co. v. Mid-Southern Toyota Distributors, Inc.*, 436 F.Supp. 1370 (N.D.Ill.1977), the District Court for the Northern District of Illinois held that "an injury to the public, either directly (effect on consumers) or indirectly (effect on competition) must be alleged; the Act is not available to redress a purely private wrong." The court relied on the following sentence in Section 2 of the Act: "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." The court found that the plaintiff's allegations did not support a claim under Section 5 of the Federal Trade Commission Act and therefore found that the allegations did not support a claim under the Illinois Act.

**2.** In their Amended Crossclaim, Clarence O. Geschke and Irene M. Geschke seek to allege and incorporate Count X of their Crossclaim against Union Realty Mortgage Company, Inc. as Count IX against Central National Bank.

In *Rice*, the court did not expressly rule that the Act applied to purely private injuries. However, they found that the plaintiff alleged an "unlawful practice" under Section 2 of the Act for which the Act provided a remedy, and in that case, the matter complained of by plaintiff involved a transaction between only the individual plaintiff and the defendant.

In *M & W Gear Co. v. A. W. Dynamometer, Inc.*, 97 Ill.App.3d 904, 53 Ill.Dec. 721, 424 N.E.2d 356 (1981), the Illinois Appellate Court noted the district court decision in *Evanston*, but came to the opposite conclusion. The *Gear* court *specifically* found that under the Act plaintiffs are not required to allege and prove that defendant's conduct had an adverse effect on the public. This Court concurs with the conclusion and reasoning of the court in *Gear*. Although Section 5 of the Federal Trade Commission Act is to be considered in construing Section 2 of the Illinois Act, exactly comparable application is not mandated. In *Fitzgerald v. Chicago Title & Trust Company*, 46 Ill.App.3d 526, 5 Ill.Dec. 94, 361 N.E.2d 94 (1977) *aff'd*, 72 Ill.2d 179, 20 Ill.Dec. 581, 380 N.E.2d 790 (1978), the court found that there was no violation of Section 5 of the Federal Trade Commission Act because the product involved was title insurance, an intangible. The court found, however, that the Illinois Act was explicitly applicable to the sale of "any services and any property, tangible or intangible." Ill.Rev.Stat. 121½ § 261(f), and accordingly found a violation of the Illinois Act. The court in *Evanston* in coming to its conclusion that the Act does not provide a remedy for private injury did not consider Section 10a of the Act which states that "[a]ny person who suffers damage as a result of a violation of Sections 2 through 2N of this Act committed by any other person may bring an action against such person." In light of this language, this Court finds that although Section 5 of the Federal Trade Commission Act may not provide a remedy for private injury, the Illinois Act does provide such a remedy and no public harm need be alleged nor proved.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of Clarence O. Geschke and Irene M. Geschke to amend their Crossclaim to add Count X against Union Realty Mortgage Company, Inc., be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of Clarence O. Geschke and Irene M. Geschke to amend their Crossclaim to reallege and incorporate Counts V through X of their Crossclaim against Union Realty Mortgage Company, Inc. as Counts IV through IX against Central National Bank be, and the same is hereby denied.