THE FIRST NATIONAL BANK OF PEORIA, as Trustee, Plaintiff-Appellee, v. ELIZABETH J. SINGER *et al.*, Defendants-Appellees (David Johnson *et al.*, Defendants-Appellants).

Third District No. 3—89—0148

Opinion filed January 10, 1990.

Robert M. Bellatti and Claudia Ausdal Connelly, both of Bellatti & Barton, of Springfield, for appellants.

Carroll Baymiller, of Baymiller, Christison & Radley, of Peoria, for appellee First National Bank of Peoria.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County construing two revocable living trusts established on October 18, 1966, by Roy Johnson and Icie Johnson. The plaintiff-appellee, the First National Bank of Peoria, is the trustee for these trusts. The defendants-appellants are certain beneficiaries under such trusts. The trusts provided, in pertinent part, that after the death of both settlors, the income be paid in equal shares to their two sons, James Johnson and Robert Johnson, during the terms of their natural lives, and that "upon the death of the survivor of the sons, the trust shall be divided equally between all of my grandchildren, *per stirpes*." James Johnson and Robert Johnson both disclaimed all of their interest in the trusts on November 27, 1979, thereby causing the provisions in the trusts regarding the grandchildren to come into effect pursuant to section 2—7(d) of the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 2—7(d)).

The plaintiff-appellee filed this action requesting instructions regarding in what manner the trusts should be distributed. The plaintiff-appellee asserts that the trust corpus should be distributed *per stirpes* to the grandchildren of the settlors, one-half to the children of James Johnson and one-half to the children of Robert Johnson. Defendants-appellees Elizabeth Singer and Barbera Johnson, James Johnson's daughters, adopted the plaintiff-appellee's position in their answer.

Defendants-appellants David Johnson, Rosalyn Clement, Catherine Johnson, and Elizabeth Caslin, Robert Johnson's children, filed an answer contending that the settlors intended to distribute the trust corpus to the grandchildren *per capita* after the death of both sons. The parties filed briefs on this issue, but the trial court heard no oral argument. The trial court found in favor of the plaintiff-appellee, and ordered that reasonable attorney fees and costs be paid out of the trust assets. The trial court also denied appellants' post-trial motion to vacate the judgment.

On appeal, the appellants raise two issues: (1) whether certain beneficiaries under the two trusts take the trust corpus as individuals (*per capita*) or as representatives of their fathers (*per stirpes*), and (2) whether appellants are entitled to the reasonable costs and fees of their attorneys from the trust property.

■■ ■ Initially, we note that the purpose of a court in interpreting a will or trust is to ascertain the intention of the testator or the settlor. (*Condee v. Trout* (1942), 379 Ill. 89, 39 N.E.2d 350.) The intention of the testator or settlor is to be found from the wording of the document as a whole, giving each word meaning. (*Peoples Bank v. Rankin* (1968), 94 Ill. App. 2d 368, 236 N.E.2d 770.) When, however, the instrument fails to make the testator's or settlor's intention clear, courts often resort to rules of construction to determine the meaning of the terms used in the document. (*Harris Trust & Savings Bank v. Beach* (1987), 118 Ill. 2d 1, 513 N.E.2d 833.) One rule of construction set forth in *Straw v. Barnes* (1911), 250 Ill. 481, 95 N.E. 471, states that when the words "in equal parts," or similar words, are used in a will to indicate an equal division among a class, the intention presumed is that the persons to whom the devise is to be made are to take *per capita*, unless a contrary intention is discoverable from the will. However, the leading cases which sustain a distribution *per capita* intimate that this presumption yields readily to even a "very faint glimpse" of intent that distribution shall be *per stirpes*. *Dollander v. Dhaemers* (1921), 297 Ill. 274, 130 N.E. 705; *Harris Trust & Savings Bank v. Beach* (1987), 118 Ill. 2d 1, 513 N.E.2d 833.

Appellants contend that the settlors' choice of words indicates that they intended all of their grandchildren to share equally the remainder, *per capita*. According to the appellants, the words *per stirpes* in the trusts refer to the grandchildren's descendants.

■■ We disagree. In the instant case, the law requires the court to give meaning to the words contained in the two trusts, and to adopt a construction which provides a plan of distribution consistent

with all provisions therein. The use of the words "grandchildren, *per stirpes*" is neither faint nor merely a glimpse, but manifests the settlors' intention that their grandchildren not take *per capita*. As noted in *Peoples Bank v. Rankin* (1968), 94 Ill. App. 2d 368, 236 N.E.2d 770, a distribution *per stirpes* is the antithesis of an equal division *per capita*. The intention reflected in the trusts is simply this: the settlors desired that their two sons share the income from the trusts for as long as the sons lived, and that after the death of the surviving son, the property should then go to the grandchildren by representation of their fathers. Any other construction requires that the court construe the words *per stirpes* to actually mean *per capita*.

The appellants also argue that the settlors designated the grandchildren as the root generation for purposes of a stirpital distribution in order to provide for the contingency that one of the grandchildren might predecease his father. Such a contingency, however, could have been provided for had the trust language been drafted without the words "*per stirpes*." Accordingly, we conclude that the trial court properly construed the trusts.

The second issue is whether the trial court erred in denying appellants the reasonable costs and fees of their attorneys from the trust property. Appellants assert that because the appellee admitted in its complaint that there was an ambiguity in the trust instrument in need of a court's interpretation, the reasonable costs and fees should be paid out of the trust property.

█▌ █ We note that in a suit for construction of trust documents, the costs and reasonable attorney fees of all the parties who aided the court in the construction should be paid out of the trust, regardless of which party's interpretation prevails (*Stuart v. Continental Illinois National Bank & Trust Co.* (1977), 68 Ill. 2d 502, 369 N.E.2d 1262), and that this decision rests in the discretion of the trial court. (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 114 N.E.2d 378.) The trial court incorrectly denied the appellants the reasonable costs and fees of their attorneys. The trustee determined that resort to the court was necessary to resolve this dispute. Where, as here, the litigation is the result of honest differences of opinion, attorney fees and litigation expenses will be chargeable to the estate. (*Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 183 N.E.2d 505.) Therefore we conclude that the reasonable costs and fees of the appellants' attorneys be paid for from the trust property.

For these reasons we conclude that the judgment of the circuit court of Peoria County is affirmed with respect to the construction of the trusts and reversed with respect to the denial of the reason-

able costs and fees of attorneys for the appellant and remanded for proceedings to determine such fees and costs.

Affirmed in part; reversed in part.

HEIPLE, P.J., and SCOTT, J., concur.