*In re* ESTATE OF JESSIE LEVIN, Deceased (Daniel Murphy, Adm'r of the Estate of Jessie Levin, Deceased, *et al.*, Plaintiffs-Appellants, v. American National Bank and Trust Company of Chicago *et al.*, Defendants-Appellees).

First District (4th Division)   No. 1—91—0924

Opinion filed June 30, 1992.

Albert Koretzky, of Chicago, and Gerald J. Mannix, of DiMonte & Lizak, of Park Ridge, for appellants.

Michael M. Conway and Jennifer M. Baratta, both of Hopkins & Sutter, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, the administrator of the estate of Jessie Levin and her heirs at law, appeal the dismissal of their complaint. The complaint alleged that the defendants individually, and as trustees under the will of Edward Levin, had deprived the plaintiffs of Jessie Levin's interest in two parcels of real estate. According to the plaintiffs' construction of Edward Levin's will, the property was devised outright to Jessie Levin and since she died intestate, that property devolves to her heirs at law. The defendants contend that the real estate was not devised outright to Jessie, but rather, was a part of the corpus of a marital trust which upon Jessie's death was devised to the then living heirs of Earl Deutsch.

Edward Levin died on July 2, 1982, and Jessie Levin died intestate on January 26, 1989. Pursuant to Edward's will, the American National Bank and Trust Company of Chicago and Earl Deutsch were named co-trustees of the marital trust. The pertinent portions of Edward's will are as follows:

"ARTICLE I

*Gifts of Specified Property*

\* \* \*

1.3 *Kenmore Properties.* I now own two six flat apartment buildings known as 5637-39 N. Kenmore and 5641-43 N. Kenmore, both in Chicago, Illinois. I give an equal undivided interest in each building (whether real or personal property) to those of the following who are living 30 days after my death:

    (a) My spouse

    (b) EARL A. DEUTSCH; and

    (c) JOSEPH DRESSELL.

The interests given to my spouse under this Section shall not be distributed outright to my spouse, but shall be distributed to the Trustee of the Marital Trust and administered as provided in Article II.

\* \* \*

1.5 *Gift of 5650 N. Sheridan Road.* I own 82½% of the beneficial interest in Land Trust No. 14763 at American National Bank and Trust Company of Chicago, which owns the property commonly known as 5650 N. Sheridan Road, Chicago, Illinois. I make the following gifts of my interest in said Land Trust so that each of the following beneficiaries, if living on the 30th day after my death, will own 45% of the beneficial interest in

said Land Trust (including 7½% currently owned by EARL A. DEUTSCH):

   (a) 45% of the beneficial interest in said Land Trust to my spouse, if living on the 30th day after my death; and

   (b) 37½% of the beneficial interest in said Land Trust to EARL A. DEUTSCH, if living on the 30th day after my death.

The interest given to my spouse under this Section shall not be distributed outright to my spouse, but shall be distributed to the Trustee of the Marital Trust and administered as provided in Article II.

\* \* \*

## ARTICLE II
### Marital Trust

2.1 *Gift of Net Residuary Estate.* If my spouse survives me, I give my net residuary estate to the Trustee to be held as the principal of the Marital Trust for the benefit of my spouse (the 'primary beneficiary'). \* \* \*

2.2 *Distribution of Income.* The Trustee shall distribute to my spouse all the net income of the Marital Trust in convenient installments not less often than quarterly. Notwithstanding any other provision, all income of the Marital Trust accrued or undistributed at the death of my spouse shall be paid to my spouse's estate.

\* \* \*

2.5 *Special Concern for JESSIE.* My primary concern is that my wife of so many years, JESSIE, be well provided for after my death. With that in mind, I have asked my close and personal friend, EARL A. DEUTSCH, to assume major responsibility for the health and well-being of JESSIE in his role as Trustee of the Marital Trust as long as she shall live.

2.6 *Termination of Marital Trust.* Upon the death of my spouse, the Trustee shall distribute the then principal of the Marital Trust in shares *per stirpes* to the then living descendants of EARL A. DEUTSCH subject to the withholding provisions of Section 3.2.

\* \* \*

## ARTICLE VIII
### Definitions
\* \* \*

8.3 *Residuary Estate and Net Residuary Estate.* 'My residuary estate' means all the residue of my estate wherever situ-

ated, including lapsed legacies and devises, but not including any property over which I have a power of appointment. 'My net residuary estate' means that part of my residuary estate remaining after any required payments of Death Taxes, expenses and debts, and distributing any specific assets or specific sums of money."

The issue in this appeal is whether the trial court properly granted the defendants' motion for judgment on the pleadings under the facts of this case. The defendants moved to dismiss the pleadings pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), asserting that the claim is barred by the express terms of the will. Under a section 2—615 motion, the trial court must examine all pleadings on file, taking as true the well-pleaded facts, and reasonable inferences to be drawn therefrom, set forth in the opposing party's pleadings. (*Harris Trust & Savings Bank v. Donovan* (1991), 145 Ill. 2d 166, 582 N.E.2d 120.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiffs to recover. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.

When construing a will, a court is to determine the intent of the testator and to give effect to that intent. (*Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251.) In ascertaining that intent, the court should look primarily to the language that is used in the will and the wording of the document as a whole. *First National Bank v. Singer* (1990), 192 Ill. App. 3d 745, 549 N.E.2d 940; *In re Estate of Offerman* (1987), 153 Ill. App. 3d 299, 505 N.E.2d 413.

If the language of a will is clear and unambiguous, an action for will construction is properly dismissed. (*Jusko v. Grigas* (1962), 26 Ill. 2d 92, 186 N.E.2d 34.) However, where there are latent ambiguities in the will, extrinsic evidence will be considered to determine the intent of the testator. *Krog v. Hafka* (1952), 413 Ill. 290, 109 N.E.2d 213.

The defendant contends the trial court properly dismissed the plaintiff's complaint because Edward's will is unambiguous. We do not agree.

Edward's will was attached to the pleadings. From the language in article I, sections 1.3 and 1.5, one could conclude that it was Edward's intent to "give" Jessie "an equal undivided interest" in the properties. The specific assets "given" to Jessie were then to be "distributed to the Trustee of the Marital Trust and administered as provided in Article II." It was plausibly Edward's intent to distribute

Jessie's assets, which he intended for her to own outright, into the marital trust only for purposes of administration of the assets by the trustee during her lifetime.

Also referring to the language of the will, we note that under article II, section 2.1, Edward gave his "net residuary estate" to the trustee to be held as "principal of the Marital Trust for the benefit of my spouse." In article VIII, section 8.3, Edward defines "net residuary estate" as "that part of my residuary estate remaining after any required payments of Death Taxes, expenses and debts, and distributing any specific assets or specific sums of money." One could conclude that it was Edward's intent to exclude the specific assets, namely, the properties he gave outright to Jessie, from the principal of the marital trust. Thus, when Edward distributed the principal of the marital trust "in shares *per stirpes* to the then living descendants of EARL A. DEUTSCH," as provided for in article II, section 2.6, it may have been Edward's intent to exclude the properties which he gave to Jessie in article I.

We therefore conclude that there is a set of facts which could be proved which would entitle the plaintiffs to recover. Construing the pleadings most strongly against the defendants, we believe the defendants have not proved that Edward's will is unambiguous. Thus, we find the trial court erred in granting the defendants' section 2—615 motion to dismiss.

We next address the plaintiffs' contention that the trial court erred in granting the defendants' section 2—619(a)(4) motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(4)) to dismiss the portions of the plaintiffs' complaint which sought an accounting for the defendants' administration of the income from the trusts set up under Edward's will. The defendants alleged in their motion that this cause of action was barred by a prior judgment, that is, by the closing of Edward's estate on November 29, 1988. Jessie approved the final account at that time.

The final account of Edward's estate specifies the amount of money received from the sale of Jessie's properties and merely states that the money was distributed to the trustee of the marital trust and administered according to the terms of the trust. The judgment does not address the issue raised in this proceeding which is whether the property was given to Jessie and administered by the trustee, or whether the trustee was entitled to the proceeds. Consequently, since the issue was not determined, it should not have been dismissed pursuant to the defendants' motion.

Finally, in light of our decision, we need not address the plaintiffs' final contention that the trial court erred in denying its motion to amend.

For all of the aforementioned reasons, we reverse the decision of the trial court.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.