John Toman, County Treasurer, Appellee, v. Mary Tufts, Defendant. Leo Brezinske and Amanda Brezinske, Appellants.

Gen. No. 42,362.

Opinion filed June 30, 1944.

SHULMAN, SHULMAN & ABRAMS, of Chicago, for appellants; MEYER ABRAMS, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for appellee; JOSEPH P. BURKE, WILLIAM J. TUOHY, FRANCIS S. CLAMITZ, MARSHALL V. KEARNEY, JACOB SHAMBERG and KAREL E. RADA, Assistant State's Attorneys, of counsel.

ON REHEARING.

MR. JUSTICE LUPE delivered the opinion of the court.

This appeal was taken from an order of the circuit court denying leave to appellants to intervene.

On June 29, 1934, the county treasurer of Cook county instituted these proceedings wherein he sought to be appointed receiver under the Skarda Act for the purpose of collecting rent and· applying same toward the payment of delinquent taxes due on the property.

On July 9, 1934, he was appointed tax receiver, and was in possession of the property in the month of February 1942.

On June 30, 1937 a bill to foreclose was filed in the superior court of Cook county (No. 37 S 8498) involving the same property. Thereafter, in 1941, a second bill to foreclose was filed in the same court (No. 41 S 6450) by Leo Brezinske and Amanda Brezinske, appellants, as holders of some of the bonds secured by the mortgage, seeking foreclosure and additional relief. By order of the superior court the causes were consolidated, and George F. Scheck was appointed receiver of the premises in question.

On February 2, 1942, Scheck as receiver, in pursuance to an order entered in the consolidated causes, sought leave to intervene in the tax foreclosure proceedings, which was allowed and set for hearing on February 3, 1942. He sought to obtain possession of the premises from the tax receiver. In his petition he alleged the tax receiver had permitted a lessee to accumulate a debt for rent in excess of $2,100; that a writ of assistance was ordered against the tenant but that the tenant had not been ousted; that, if the property became vacant, for the best interest of the bondholders and the State it would be necessary to remodel and rebuild it (the property being a warehouse) and thereby increase the income and improve its rentability; it would be necessary that receiver's certificates be issued therefor and, unless the relief be granted, the bondholders and the State would suffer loss; that in a tax foreclosure proceeding the court lacked jurisdiction to grant relief pertaining to the

necessary work to be done and the issuance of receiver's certificates, that such relief could only be obtained in the superior court.

On February 3, 1942, appellants, as plaintiffs in the consolidated cause in the superior court, also sought leave to intervene in the present proceeding, and adopted by reference the intervening petition of Receiver Scheck. Appellants requested relief as prayed for by Receiver Scheck and, in addition thereto, that the tax receiver be ordered to account and to be surcharged with unpaid rent due because of his carelessness and mismanagement of the property.

On the same day the court struck Receiver Scheck's petition and denied appellants leave to intervene, from which order this appeal is taken. Receiver Scheck did not join in this appeal, and we, therefore, are not called upon to determine if error had been committed in denying the relief sought by him.

Notice of appeal was filed on February 5, 1942, and thereafter served on the county treasurer and the state's attorney. It is conceded Mary Tufts, the owner of the property, was not served with notice of appeal. The notice was filed to the Supreme Court, and that court transferred the cause to the Appellate Court on appellee's motion. In appellee's motion to transfer the cause it was urged that there was no question for direct review and that it was solely a question whether the appellants had a right to intervene. The Supreme Court having allowed the motion, there remain only the following questions to be decided: (1) Should the appeal be dismissed for failure to give notice to Mary Tufts; and (2) Did the chancellor err in denying leave to appellants to intervene, and in striking the receiver's petition.

Appellee filed his motion to dismiss the appeal in this court for failure to serve Mary Tufts. Countersuggestions were filed thereto, and we have taken the motion with the case.

Mary Tufts being the owner of the property, appellee contends she was entitled to service of notice of appeal in accordance with rule 34 of the Supreme Court, and not having been served, the appeal should be dismissed.

Appellants argue that Mary Tufts was in default; it therefore became unnecessary to serve her. However, from an examination of the record we find that leave was given and she filed her appearance and answer in the proceeding on February 17, 1942. No order of default was entered against her at any time. It necessarily follows that she was not in default. (*Crabtree v. Green,* 36 Ill. 278.)

It is contended by appellees that notice not having been served on Mary Tufts her rights would be adversely affected by a reversal or modification of the order appealed from, on the theory that the property may become further encumbered by the issuance of receiver's certificates. The question of issuance of receiver's certificates was not before the circuit court to pass upon. There is grave question if the superior court would have authorized the issuance of receiver's certificates. If application were made for the issuance of receiver's certificates Mary Tufts would have received notice thereof and would have been given an opportunity to be heard.

Rule 34 of the Supreme Court is as follows: "A copy of the notice by which the appeal is perfected shall be served upon each party, whether appellee or co-party, who would be adversely affected by any reversal or modification of the order, judgment, or decree, and upon any person or officer entitled by law to a notice of appeal, within ten days after said notice of appeal is filed in the lower court . . . ."

In view of the allegations of the petitions of Receiver Scheck, and the appellants, seeking to compel the tax receiver to relinquish the property, to account, and that he be surcharged with items of loss of rent,

could Mary Tufts' rights be adversely affected by the order denying them the right to intervene? Assuming that appellants were successful in their contention, would it not redound to the benefit of Mary Tufts? We are of the opinion that she would so benefit. That being true, no notice was necessary to Mary Tufts as owner of the property, as her rights could not be adversely affected by the reversal or modification of the order herein appealed from.

Whether one will be permitted to intervene in a proceeding is a matter largely in the discretion of the court, and the holding of a trial court in reference thereto will not be disturbed unless a clear abuse is shown. The petitions of the receiver and appellants contained allegations of fact relative to the negligence of the tax receiver in the management of the property and his failure to collect rent, bringing about the loss of some $2,100, and requested that the tax receiver be required to account therefor. Leave should have been given appellants to file their petition and, as the petition of Receiver Scheck had been adopted by them and made a part of their petition, that petition should not have been stricken. The tax receiver should have been required to answer and a hearing had, and a determination of the issues presented.

Appellants contend that the petition filed by the county collector did not allege sufficient facts to confer jurisdiction on the court. With this contention we cannot agree. On inspection of the petition we find the language of the statute was followed. When pleading according to the form prescribed by statute it is not necessary, in order to obtain the relief authorized by the act, to state more than the act requires. (*Mullarky v. Trautvetter,* 276 Ill. 409.)

An intervener cannot raise an issue as to the formality of pleadings or the regularity of procedure in the principal cause. He must take the suit as he finds it and is bound by the record of the case at the time of

his intervention. (Am. & Eng. Encyc. of Law, 2nd ed., Vol. 17, p. 185; *Wightman v. Evanston Yaryan Co.*, 217 Ill. 371.)

Appellees contend that appellants had no right to intervene, and say that they hold only about two per cent of the total bond issue being foreclosed; that they had no right of possession, that right being either in the trustees or in the receiver appointed in the superior court; and that having no possessory rights they were not entitled to intervene. Appellants were parties plaintiff in the consolidated cause which sought the foreclosure of the trust deed and it was upon their motion that the receiver of the superior court was appointed. They, with other bondholders, had a direct interest in that proceeding and in the payment of delinquent taxes which would affect the amount of their recovery in the foreclosure proceeding.

We are not indicating that the circuit court should grant the prayer of the petition. However appellants should be permitted to file their petition, the county collector should be required to answer, and a hearing had on the issues made.

For the reasons stated, the motion to dismiss the appeal is denied, the order of the circuit court of Cook county is reversed and remanded with directions that appellants be given leave to file their intervening petition in this cause, that leave be granted the county collector to answer, that a hearing be had upon the intervening petition and the answers thereto, and that such other proceedings be had as may not be inconsistent with the views expressed herein.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.