THE PEOPLE *ex rel.* TYRONE C. FAHNER, Attorney General, Plaintiffs-Appellants, *v.* AMERICAN BUYERS CLUB, INC., *et al.*, Defendants-Appellees.

Third District  No. 82—586

Opinion filed June 3, 1983.—Rehearing denied July 18, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellant.

Joseph R. Napoli and Arthur J. Inman, both of Peoria, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The Illinois Attorney General filed a complaint on behalf of the People against American Buyer's Club, Inc., and John W. Huette, pursuant to section 7 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979, ch. 121½, par. 267). American Buyer's Club (hereinafter Buyer's Club) was a buyers cooperative which sold nonexpiring memberships in consideration for the right to purchase home furnishings at a discount. John Huette was the president and principal shareholder of the Buyer's Club.

The complaint alleged that the defendants collected down payments of various amounts from 219 members, but failed to forward the money to the manufacturers or to refund it to the members. The complaint sought a finding that the defendants had violated the Consumer Fraud and Deceptive Business Practices Act (hereinafter the Act) and an injunction against further violations, plus full refunds to the members of all down payments paid on unfilled orders. A request for admission of facts was filed pursuant to Supreme Court Rule 216 (87 Ill. 2d R. 216) as to the amount of the down payments of each of the 219 members, totaling a monetary claim of $55,964.48. The requests were not answered in proper form within the allotted time and, therefore, the facts contained therein were deemed admitted. However, the court file did not contain a copy of the request, and the court refused to accept a file stamped copy in replacement. As a result, the plaintiff was only able to prove $7,873.93 in damages via witness testimony.

Following a two-day bench trial, the circuit court entered a judgment order on April 15, 1982. The court found that the monetary claim was proved as to 12 members, that the conduct of certain employees at the Buyer's Club was deemed an unfair practice, and that the conduct of Huette was not proved to be fraudulent. The court's order stated that the Buyer's Club violated the Act, that the defendants were enjoined from using prohibited practices, and that judgment was entered against the Buyer's Club and Huette in the amount of $7,873.93.

A motion was filed on behalf of the People to modify the judgment order to show damages of $55,964.48 rather than $7,873.93 and for a finding that Huette had violated the Act, or in the alternative, to grant a new trial because of the court's error in failing to accept a file stamped copy of the request for admission of facts and in failing to find that Huette engaged in fraudulent or deceptive practices.

Following a hearing on the motion, the court changed the judgment order to find Huette guilty of violating the Act. However, the

court refused to find that in violating the Act, Huette was guilty of fraudulent practices. The court also refused to accept the file stamped copy of the request for admission of facts. This appeal is taken from the court's denial of the modifications or of the request for a new trial.

■ After reviewing the relevant provisions of the Consumer Fraud and Deceptive Business Practices Act, we believe that the court erred in finding that Huette violated the Act without being guilty of fraudulent practices.

The definition of a fraudulent practice is found in the Act itself. (*Duhl v. Nash Realty, Inc.* (1982), 102 Ill. App. 3d 483, 495.) It is not necessary to prove the elements of common law fraud in order to recover under the Act. (*Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 198.) Therefore, the court's finding that Huette violated the Act is also a finding that Huette is guilty of committing fraudulent or deceptive practices. By saying that a violation of the Act is not fraudulent, the trial court caused needless confusion. We will enter an order modifying the judgment.

■■ ■ The next issue is whether the court erred in refusing to accept a copy of the plaintiff's request for admission of facts when it could not find the original in the court file.

The record here shows that the request was indeed filed but, due to a possible clerical error, the original was not placed in the court file. Courts of record have inherent power to substitute papers, files, and records which have been lost. (*In re Estate of Bird* (1951), 410 Ill. 390, 398.) Since there was sufficient evidence that the request was filed, the court should have restored the court file by accepting the plaintiff's copy of the request to admit.

The request to admit asked the defendant to verify the amount paid by 219 named members of the Buyer's Club. Because the request was not answered or objected to within 28 days pursuant to Supreme Court Rule 216(c) (87 Ill. 2d R. 216(c)), the amounts paid by defendant's customers, as set out in the request, are deemed admitted.

■ However, the defendant argues that because the plaintiff introduced evidence concerning matters covered by the request, they have waived the right to rely on the facts admitted in the request. We agree, but only to a limited extent.

If a party introduces evidence as to a fact contained in a request to admit, he waives the right to rely on the other party's admission. (*Welch v. City of Evanston* (1980), 87 Ill. App. 3d 1017.) But this waiver is limited only to those facts upon which evidence is offered.

■ In the present case, the court was able to find a violation

of the Act independent of defendant's admissions in the request. Plaintiff simply wished to use the request to prove damages so as to facilitate restitution to the members of the Buyer's Club. At trial, plaintiff introduced evidence as to the amount owed to 12 members. Had they failed to sustain their burden of proof with respect to those members, they would have waived the right to rely on the admissions, *but only as to those 12 members*. The plaintiff has not waived the benefit of defendant's admissions regarding the remaining 207 members. Therefore, we will enter judgment for the plaintiff in the amount of $55,964.48, which is the total amount of damages proven at trial and in the request to admit.

To summarize our decision, pursuant to our authority under Supreme Court Rule 615(b)(1) (87 Ill. 2d R. 615(b)(1)), we have ordered that the trial court's judgment be modified as follows: (1) Finding No. 4 of the trial court's judgment order is to be modified so as to find John W. Huette guilty of committing fraudulent or deceptive practices in violation of the Consumer Fraud and Deceptive Business Practices Act, and; (2) the amount of damages listed in paragraph C of the judgment order will be changed from $7,873.93 to $55,964.48 and paragraph D modified to list the names of Buyer's Club members and the amounts owed as set forth in the request to admit.

Affirmed in part; reversed in part; judgment order modified.

STOUDER, P.J., and ALLOY, J., concur.