THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellant, v. ALL AMERICAN ALUMINUM AND CONSTRUCTION COMPANY, INC., *et al.*, Defendants-Appellees.

First District (4th Division) No. 87—2465

Opinion filed May 19, 1988.

28

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chi-

cago, of counsel), for appellant.

Robert M. Knabe and Grund, Marcus & McNish, both of Chicago (Robert H. Mittleman, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, the Attorney General of Illinois, brought an action in the circuit court of Cook County against defendants, the All American Aluminum and Construction Company, Inc., Steven Edelson, individually and as vice-president of All American, and Suzanne Reid, individually and as assistant secretary of the corporation. The Attorney General charged defendants with violating the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act or Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 et seq.). The trial court dismissed the Attorney General's third amended complaint with prejudice, ruling that it failed to state a cause of action. The Attorney General appeals, contending that the trial court erred in dismissing the complaint.

We reverse the order of the trial court and remand.

BACKGROUND

■■ In determining whether to allow a motion to dismiss, a court must take all well-pled allegations of fact contained in the complaint, and contained in any attached exhibits incorporated into the complaint, as true, and construe all reasonable inferences therefrom in the plaintiff's favor. (Business Development Services, Inc. v. Field Container Corp. (1981), 96 Ill. App. 3d 834, 836, 422 N.E.2d 86, 89.) Here, the third amended complaint alleged that defendants were in the business of providing home remodeling and repair services to Illinois consumers. Defendant Edelson was vice-president and principal owner of All American, and defendant Reid was assistant secretary of the company. In their corporate capacities, they managed, controlled, directed and condoned the business practices of the company. All American involuntarily dissolved on February 2, 1987.

The amended complaint further alleged that the defendants would enter into a contract with a customer for the performance of services in consideration for specified cash payments. The contract warranted that the materials used were of standard quality, guaranteed the workmanship, and also warranted that defendants would remedy substantial defects on written notice for one year after the date of substantial completion. Beyond the contractual guarantee, defendants orally represented to consumers that it would perform

the services in a reasonable and workmanlike manner.

The amended complaint went on to allege four separate instances where defendants essentially performed negligent work in violation of the contract and then disregarded their warranties of remedying defects. Specifically, the Attorney General alleged that defendants contracted with Michael Davis to install doors and windows in his home for $2,490, which Davis paid in full. However, the doors did not fit the door frames and the windows had no caulking. Despite Davis' demands to cure the defects, defendants neither cured the defects nor refunded the money paid. Further, Davis was forced to pay an additional $800 to another home remodeling company to remedy the defects.

Also, defendants were charged with having contracted with Patricia Griggs to install a shower, toilet, vanity, and floor and wall tiles in her home for $3,500, of which she paid $1,000. Defendants tore down her bathroom walls, disconnected her plumbing and ripped up her bathroom tiles. Defendants, however, refused to install the vanity, floor, and toilet, despite Griggs' many requests to do so. She ultimately paid another company to complete the job.

Additionally, defendants contracted with Mr. and Mrs. Ollie Davis to install a new roof, gutters, and aluminum siding for $5,000, which the Davises paid in full. Because of defendants' negligent work, however, water leakage from heavy rainfall entered their home and caused extensive damage. Mr. and Mrs. Davis requested defendants to repair the roof and gutters, but defendants refused to do so.

Further, defendants also contracted with Mr. and Mrs. Roberto Alicea to install a new roof for $2,336, which they paid in full. Their home also suffered extensive damage from water leakage, due to defendants' negligent work. Mr. and Mrs. Alicea repeatedly requested defendants to repair the defects, but defendants again refused to do so.

The third amended complaint also incorporated an appendix containing a list of 15 other dissatisfied consumers with a description of each of their complaints and another appendix containing a copy of defendants' contract.

The Attorney General sought: (1) findings that defendants breached its contract with consumers by performing in an unworkmanlike manner, and also that defendants violated section 2 of the Consumer Fraud Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262); (2) an injunction permanently preventing defendants from engaging in the home improvement repair business; (3) an order allowing customers to rescind their contracts with defendants and enjoining defendants

from enforcing mechanics' liens or other means of collection against consumers; (4) an order requiring defendants to pay restitution to the consumers whom defendants' unlawful conduct had harmed; and (5) a civil penalty of $50,000 for each violation of the Act, and costs.

Pursuant to leave of court, the Attorney General filed his third amended complaint on March 4, 1987. On July 14, 1987, the trial court granted defendants' motion to dismiss the complaint with prejudice. The Attorney General appeals.

OPINION

I

Before determining the sufficiency of the complaint, we must first address a matter of jurisdiction. Defendants claim that Edelson and Reid, both individually and in their capacities as corporate officers of All American, are not proper parties to the litigation. Defendants contend that the Attorney General never obtained leave of court to add them as defendants; additionally, no appearances were filed on their behalf. Defendants argue, therefore, that the trial court never acquired jurisdiction over Edelson and Reid.

It is true that section 2—407 of the Code of Civil Procedure requires a party to obtain leave of court to add or drop a party to the litigation. (Ill. Rev. Stat. 1985, ch. 110, par. 2—407; *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 881-82, 417 N.E.2d 134, 136.) However, section 2—616(a) of the Code provides in pertinent part:

> "Sec. 2—616. Amendments. (a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, *** in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought ***."

Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).

■ Courts construe section 2—616(a) of the Code liberally so that a controversy may be decided upon its facts and merits, and in furtherance of justice. (*Cain v. New York Central R.R. Co.* (1962), 35 Ill. App. 2d 333, 338, 182 N.E.2d 910, 912.) As a result of this liberal construction, where a plaintiff obtains leave to file an amended complaint, and where the court order granting leave does not specify exactly how the complaint is to be amended, plaintiff has the right to amend in such ways as necessary to state a cause of action. *Reinhardt v. Security Insurance Co.* (1936), 287 Ill. App. 320, 322, 4 N.E.2d 883, 884.

██ Additionally, section 1(c) of the Consumer Fraud Act defines "person" as including any officer or employee of a corporation. (Ill. Rev. Stat. 1985, ch. 121½, par. 261(c).) Section 11a of the Act provides that "[the] Act be liberally construed to effect the purposes thereof." (Ill. Rev. Stat. 1985, ch. 121½, par. 271a.) The provision is a clear mandate from the Illinois legislature that our courts utilize the Act to the utmost degree in eradicating all forms of deceptive and unfair business practices and grant appropriate remedies to injured parties. *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 495, 429 N.E.2d 1267, 1277.

██ Applying these principles to the instant case, we conclude that defendants Edelson and Reid are proper parties to the litigation. As the corporate officers of All American, they are "persons" within the Consumer Fraud Act. Further, the corporation involuntarily dissolved approximately two weeks before the trial court granted the Attorney General leave to file the third amended complaint. The trial court's order granting leave to amend did not specify how the complaint was to be amended. Since the trial court granted the Attorney General a general leave to amend, he was free to add defendants Edelson and Reid to state a cause of action. Additionally, Edelson and Reid were each personally served. This result is also consistent with the legislature's mandate to use the Consumer Fraud Act to the utmost degree. We hold that the trial court has jurisdiction over defendants Edelson and Reid.

II

The Attorney General claims that the trial court erred in finding that his third amended complaint failed to state a cause of action. Courts should liberally construe pleadings, and a motion to dismiss admits all well-pled facts. In considering a motion to dismiss, however, courts are to construe pleadings strictly against the pleader. The granting of a motion to strike and dismiss is within the sound discretion of the trial court. *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 586, 440 N.E.2d 1022, 1025.

██ Our supreme court has explained what a satisfactory complaint must contain:

"To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factu-

ally sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. [Citation.]" *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009

## A

The Attorney General contends that he set forth a legally recognized claim against defendants for violating the Consumer Fraud Act. Section 2 of the Act provides in pertinent part:

"Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." Ill. Rev. Stat. 1985, ch. 121½, par. 262.

■ Generally, where a statute describes the requirements for a pleading, the pleader need allege and prove only what the statute requires to obtain the authorized relief. (*People v. Keeven* (1979), 68 Ill. App. 3d 91, 95, 385 N.E.2d 804, 806; *Toman v. Tufts* (1944), 323 Ill. App. 516, 521, 56 N.E.2d 135, 137.) As a result of this principle, our courts have held that to meet the requirements of section 2 of the Consumer Fraud Act, the Attorney General need allege only that: (1) a defendant is engaged in a trade or commerce, and (2) the defendant is engaged in unfair or deceptive acts or practices in the conduct of that trade or commerce. *People ex rel. Hartigan v. Stianos* (1985), 131 Ill. App. 3d 575, 580, 475 N.E.2d 1024, 1028 (and cases cited therein).

■ Our supreme court has recognized that terms such as "trade or commerce" and "unfair and deceptive" acts or practices are incapable of precise definition. Therefore, whether a given practice is unfair or deceptive must be determined on a case-by-case basis. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 290, 430 N.E.2d 1012, 1018.) Further, the legislature lacks authority to prescribe how the judiciary shall construe a statute. Where there is a lack of Illinois precedent, however, courts will consult the decisions of the Federal courts and of the Federal Trade Commission under the Federal Trade Commission Act. *Fitzgerald v.*

*Chicago Title & Trust Co.* (1977), 46 Ill. App. 3d 526, 528, 361 N.E.2d 94, 96, *aff'd* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.

The Federal Trade Commission employs the following standards in determining whether an act or practice is unfair or deceptive: (1) whether the practice offends public policy as established by statutes, the common law, or otherwise, or is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether the practice is immoral, unethical, oppressive, or unscrupulous; and (3) whether the practice causes substantial injury to consumers or competitors. *Federal Trade Comm'n v. Sperry & Hutchinson Co.* (1972), 405 U.S. 233, 244 n.5, 31 L. Ed. 2d 170, 179 n.5, 92 S. Ct. 898, 905 n.5.

■ Applying these principles to the instant case, we conclude that the third amended complaint is legally sufficient. Both sides agree that defendants were engaged in a trade or commerce. Further, the complaint properly alleged that defendants engaged in unfair or deceptive acts or practices.

It is clear that defendants' alleged conduct, if proved true, would meet the Federal Trade Commission standards for an unfair or deceptive act or practice. First, these allegations reach beyond mere negligence or breach of contract. The acts or practices alleged offend the public policy of this State. A business cannot take thousands of dollars from Illinois consumers, perform negligent work in violation of its guarantees of workmanship, and then disregard its warranties to remedy the defects in its work. We conclude that these allegations meet the first prong of the Federal Trade Commission test.

It is also clear that the allegations meet the second prong of the Federal Trade Commission test; they charge defendants with conduct that is at least unethical and unscrupulous. Lastly, these allegations meet the third prong of the test. They charge that Illinois consumers lost thousands of dollars to defendants. Indeed, some consumers paid additional sums to repair the negligent work performed by defendants. We also note that the number of alleged instances of unfair or deceptive acts, 19 in this case, is not a "magic" number. The Consumer Fraud Act prohibits both acts and practices. Viewed either as alleging 19 separate acts or one continuing practice, we hold that the Attorney General's third amended complaint is legally sufficient under the Consumer Fraud Act.

B

The Attorney General next contends that he pled sufficient facts to state a cause of action under the Consumer Fraud Act. It is well

settled that to state a cause of action, a complaint must contain the facts necessary for the plaintiff to recover. The plaintiff, however, need not set out his evidence. He should allege only the ultimate facts to be proved and not the evidentiary facts tending to prove such ultimate facts. *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1008-09.

■ Unfortunately, no clear distinction exists between statements of "evidentiary facts," "ultimate facts," and "conclusions of law." Indeed, a precise definition of what constitutes conclusions of law is impossible. Therefore, when the question arises, a court should simply determine whether the complaint in the particular case reasonably informs the opposing party of the nature of the claim. (*Savka v. Smith* (1973), 14 Ill. App. 3d 542, 543-44, 301 N.E.2d 839, 841.) Further, a complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. *Business Development Services, Inc. v. Field Container Corp.* (1981), 96 Ill. App. 3d 834, 837, 422 N.E.2d 86, 89.

■ Applying these principles to the instant case, we conclude that the third amended complaint is factually sufficient. We earlier noted that the Consumer Fraud Act required the Attorney General to allege that defendants were engaged in a trade or commerce and that defendants engaged in unfair or deceptive acts or practices in the conduct of that trade or commerce. Also, both sides agree that the first element is not at issue. What is at issue, therefore, is only whether the Attorney General pled sufficient facts alleging that defendants were engaged in unfair or deceptive acts or practices. Further, the Attorney General identified defendants' unfair acts as negligently performing work in violation of the contract and then disregarding their warranties to remedy the defects.

■ Defendants present essentially two arguments. They first argue that the Attorney General was required to allege the facts underlying their negligence. Courts have held, however, that a complaint may allege generally that a defendant was negligent and need not allege specific facts constituting the negligence. (*Mims v. New York Life Insurance Co.* (1971), 133 Ill. App. 2d 283, 286, 273 N.E.2d 186, 188 (and cases cited therein).) Defendants also argue that the Attorney General was required to plead facts alleging that the consumers gave them written notice of the defects, pursuant to the contract. This argument lacks merit. In each of the four examples that the Attorney General pled in the complaint, the consumer requested that defendants remedy the defects.

Once defendants' arguments are put aside, one sees that the

third amended complaint contains sufficient facts to more than reasonably inform defendants of the nature of the claim. Further, we certainly cannot say from these pleadings that no set of facts could be proved that would entitle the Attorney General to relief. Accordingly, we hold that the third amended complaint is factually sufficient under the Consumer Fraud Act.

## III

 Lastly, defendants point to the Attorney General's failure to verify the third amended complaint, although the original complaint and the first amended complaint were verified. Defendants contend that this failure was a violation of section 2—605(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—605(a)) and justified dismissal of the third amended complaint.

This argument lacks merit. Section 2—605(a) expressly provides that pleadings need not be verified; rather, they may be verified. Further, as a general rule, where a pleading requires no verification, an amendment of that pleading need not be verified. (71 C.J.S. *Pleading* §350(a), at 748 (1951).) In sum, the Attorney General's third amended complaint states a cause of action under the Consumer Fraud Act.

For the foregoing reasons, the order of the circuit court of Cook County, which dismissed the third amended complaint, is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.